UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN SEIFUDDIN IBN-HAMEED,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL MADDREN, *et al.*,<br><br>　　Defendants. | Civil Action No.  12-1961 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Steven Seifuddin Ibn-Hameed has filed this incomprehensible action against a series of Pennsylvania judges, police officers, and state officials.  A number of Defendants filed Motions to Dismiss on January 3, 2013.  See ECF Nos. 8-9.  The Court, that same day, advised Plaintiff that he must respond by January 24 or face possible dismissal.  See ECF No. 12.  He has not responded to the Motions; in fact, the only pleading he has filed since has been something entitled "Absolute, Original, Closed and Writ of Mandamus; fiery facias de bonis eccleslasticis writ of execution."  See ECF No. 13.  This unintelligible pleading speaks of ecclesiastical writs and the value of silver coinage.  See id. at 2.  The Court, therefore, will treat the Motions as conceded under LCvR 7(b).

　　　　Even if Plaintiff had not conceded the Motions, they would be granted under numerous rationales, including lack of personal jurisdiction.  A court may exercise two forms of personal jurisdiction over a nonresident defendant: general and specific. General jurisdiction exists where a nonresident defendant maintains sufficiently systematic and continuous contacts with the forum state, regardless of whether those contacts gave rise to the claim in the particular case.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & n.9 (1984).  "[B]ecause general

1

jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test than for specific jurisdiction." Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 510 n.2 (D.C. Cir. 2002) (citation and internal quotation marks omitted). As a result, "[u]nder the Due Process Clause, such general jurisdiction over a foreign corporation is only permissible if the defendant's business contacts with the forum are continuous and systematic." FC Inv. Group LC v. IFX Markets, Ltd., 529 F.3d 1087, 1091-92 (D.C. Cir. 2008) (internal quotation marks and citations omitted). In this case Plaintiff makes no allegations of any contacts – let alone continuous and systematic ones – between these Defendants and the District of Columbia.

Specific jurisdiction, conversely, exists where a claim arises out of the nonresident defendant's contacts with the forum. Helicopteros, 466 U.S. at 414 n.8; see also United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995). "A plaintiff seeking to establish specific jurisdiction over a non-resident defendant must establish that specific jurisdiction comports with the forum's long-arm statute and does not violate due process." FC Inv. Group, 529 F.3d at 1094-95 (citation and internal citation omitted). The long-arm statute of the District of Columbia extends personal jurisdiction over a nonresident defendant where a claim arises from the defendant's

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if [the defendant] regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;
> (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
> (7) marital or parent and child relationship in the District of Columbia . . . .

D.C. Code § 13-423(a). In order not to violate due process, a nonresident defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326

U.S. 310, 316 (1945) (citations and internal quotation marks omitted).  Those guarantees are satisfied "if the defendant has 'purposefully directed' his activities at residents of the forum," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)), and if "the litigation results from alleged injuries that 'arise out of or relate to' those activities."  Id. (quoting Helicopteros, 466 U.S. at 414).

A brief look at the pleadings demonstrates that no specific jurisdiction exists here either.  Defendants are all Pennsylvania officials who, to the extent Plaintiff has been injured at all, allegedly acted in Pennsylvania to, *e.g.*, kidnap Plaintiff, seize his vehicle, and maintain a militia that caused him duress.  See Compl. at 6-7; Compl., Attach. 1 at ECF p. 7.  There is no connection to or allegation about the District of Columbia.

An Order will issue contemporaneously granting the Motions to Dismiss.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  Jan. 31, 2013