**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEVEN SEIFUDDIN IBN-HAMEED,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL MADDREN, *et al.*,<br><br>  Defendants. | Civil Action No.  12-1961 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Steven Seifuddin Ibn-Hameed has filed this incomprehensible action against a series of Pennsylvania judges, police officers, and state officials.  The Court has previously granted motions to dismiss by the non-judicial Defendants.  See ECF No. 15.  The judges have now filed their own Motion to Dismiss.  See ECF No. 17.  On February 14, 2013, the Court advised Plaintiff that he must respond by March 7 or face possible dismissal.  See ECF No. 18.  All that Plaintiff has filed are two documents that have nothing to do with the Motion.  The first is entitled "Notice of International Diplomatic Status" and begins, "Peace. Peace, Peace be unto all men and women in this world.  The Divine Spirit, Living beneficiary and heir to the Divine Estate lives at peace with all men and women."  See ECF No. 19 at 1.  The second is a UCC Financing Statement from the Delaware Department of State.  See ECF No. 20.  The Court, therefore, will treat the Motion as conceded under LCvR 7(b).

Even if Plaintiff had not conceded the Motion, the Court sees several reasons to grant it, including judicial immunity.  To the extent his allegations against the judges are intelligible at all, they concern acts taken within their judicial duties.  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts

committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-54 (1967).  One purpose of the doctrine is to "protect[] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants," Forrester v. White, 484 U.S. 219, 225 (1988) (citation omitted) – precisely the case here.  As a result, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (citation and footnote omitted).  Such immunity covers even suits claiming a deprivation of constitutional rights.  See Apton v. Wilson, 506 F.2d 83, 90 (D.C. Cir. 1974) ("The common law immunity of judges is fully applicable in suits under 42 U.S.C. § 1983 alleging deprivations of constitutional rights.") (citation omitted).

As the judicial Defendants are immune from suit, a contemporaneous Order will issue granting the Motion to Dismiss.

　　　　　　　　　　　　　　　　　　　　/s/ *James E. Boasberg*
　　　　　　　　　　　　　　　　　　　　JAMES E. BOASBERG
　　　　　　　　　　　　　　　　　　　　United States District Judge

Date:  March 11, 2013